UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM R SWICK,

    Plaintiff,

    v.                                 Case No. 3:23-CV-531 JD

COMCAST BUSINESS,

    Defendant.

## OPINION AND ORDER

Adam Swick, an individual without a lawyer, filed a civil complaint against Defendant Comcast Business, a corporate entity. (DE 1.) Mr. Swick has also moved to proceed *in forma pauperis*, meaning without paying the filing fee. (DE 2.) In his complaint Mr. Swick alleges Comcast allowed malicious actors to steal Mr. Swick's identity and deprive him of telecommunications services. Mr. Swick indicates he does not know what type of relief he is seeking.

Mr. Swick is financially eligible to proceed *in forma pauperis* but under 28 U.S.C. § 1915(e)(2)(B), the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Swick is proceeding without

counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Swick's complaint fails to state a claim on which relief may be granted. To begin, Mr. Swick does not identify the type of relief that he seeks. Without indicating what type of relief he seeks; the Court cannot determine whether such relief is permissible under law and within the Court's power to grant. Further, Mr. Swick only generally alleges that the Defendant "allowed" malicious actors to harm him, but he does not allege any facts about what the Defendant actually did or failed to do that caused his injury. As currently written, the complaint largely focuses on the acts of the various malicious actors who allegedly stole Mr. Swick's identity, but not on the acts of the Defendant named in the lawsuit. Without more, this ambiguous legal conclusion fails to meet the pleading requirements of Federal Rule of Civil Procedure 8. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiffs should ordinarily be afforded leave to amend when their complaint is dismissed unless amendment would be futile. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015). This is especially true where the plaintiff proceeds pro se. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Therefore, the Court will grant Mr. Swick leave to replead his complaint.

For these reasons, the Court:

(1) STRIKES the complaint (DE 1);

(2) TAKES the in forma pauperis petition (DE 2) under advisement;

(3) GRANTS the Plaintiff to and including July 22, 2023, to file an amended

complaint; and

(4) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: June 21, 2023

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court